IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON M KLINGENSMITH, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Civil No. 25-1802 |
| MICHAEL PACEK, in his individual and | ) |
| official capacities, et al., | ) |
| | ) |
| Defendants. | ) |

**Opinion and Order**

This Amended Complaint was filed pro se by Plaintiff Aaron M. Klingensmith, following the administrative closure of the initial Complaint, which was improperly filed by Mr. Klingensmith's purported "next friend." Mr. Klingensmith has now properly filed an Amended Complaint on his own behalf. Therefore, Mr. Klingensmith's Motion to Reopen will be granted, and this action will be reopened, with the Amended Complaint as the operative complaint.

In his Amended Complaint, Mr. Klingensmith sues Westmoreland County Assistant District Attorney Michael Pacek; Westmoreland County Clerk of Courts Megan Loughner; Westmoreland County Prison Warden Steven Pelesky; Westmoreland County Sheriff James Albert; Westmoreland County Court of Common Pleas Judge Timothy Krieger; the Commonwealth of Pennsylvania; and Westmoreland County. All individual Defendants are sued in their official capacity.[1] Defendants Pacek, Loughner, and Pelesky are also sued in their individual capacity.

---

[1] In most instances, official capacity claims are barred by Eleventh Amendment immunity. A § 1983 claim asserted against an individual in his or her "official capacity" is synonymous with a claim against the entity that employs the individual. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits…'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658, 690 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* The Court need not rule on the official capacity claims at this time in light of the dismissal of all claims for other reasons.

The claims in the Amended Complaint arise from Mr. Klingensmith's ongoing criminal case, currently being prosecuted in the Court of Common Pleas of Westmoreland County. *Commonwealth of Pennsylvania v. Klingensmith*, Docket No. CP-65-CR-0004313-2021.[2] The basis for Mr. Klingensmith's claims is his assertion that he is being illegally detained in connection with his state court criminal case. He asserts the following causes of action: failure to provide Due Process in violation of the Fifth and Fourteenth Amendments (Count I); Double Jeopardy in violation of the Fifth Amendment (Count II), Cruel and Unusual Punishment in violation of the Eighth Amendment (Count III); a claim that the individual defendants acted under color of state law pursuant to 42 U.S.C. § 1983 (Count IV); a claim for attorneys' fees (Count V); a claim against Westmoreland County for failure to train or supervise pursuant to *Monell v. Dept. of Soc. Services of the City of New York*, 436 U.S. 658 (1978) (Count VI); and a state law[3] claim of false arrest/false imprisonment (Count VII). As explained below, the Court finds that the Amended Complaint fails to state a claim upon which relief can be granted.

## I.  Factual Allegations

Mr. Klingensmith alleges that on September 10, 2024, his criminal docket sheet indicated that he was "not guilty" of the charges against him. Am. Compl. at 2, ¶ 1. He alleges that "these acquittals terminated jurisdiction" in the state court "under DOUBLE JEOPARDY clause." Am.

---

[2] In evaluating the Amended Complaint, the Court may consider the Westmoreland County Court of Common Pleas case at CP-65-CR-0004313-2021, because such documents are a matter of public record and because they are documents "integral to" Plaintiff's complaint. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018), *In re Asbestos Prods. Liab.Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016). A court may also "judicially notice[] a docket sheet—something it may do even if neither party submitted it." *United States v. Payo*, 135 F.4th 99, 107 (3d Cir. 2025). Finally, a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record, whose accuracy cannot reasonably be questioned, include "court-filed documents." *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020).

[3] Mr. Klingensmith appears to be attempting to assert his false arrest and false imprisonment claims pursuant to 42 U.S.C. § 1983, but each of these claims is a state law claim.

2

Compl. at 3, ¶ 2. He also alleges that the "acquittals" were never formally or properly "vacated." Am. Compl. at 3, ¶ 3. However, he alleges that the "docket was later altered to reflect [a] Guilty [verdict] without lawful authority." Am. Compl. at 3, ¶ 4. Mr. Klingensmith alleges that the "Clerk of Courts," testifying under oath, stated that the September 10, 2024 docket sheet notation indicating "not guilty," was the result of a clerical error. Am. Compl. at 3, ¶ 7. Furthermore, Mr. Klingensmith alleges that the Clerk also "testified [that] she *corrected* the verdict to GUILTY on September 10 or 11th 2024." Am. Compl. at3, ¶ 8 (emphasis added).[4] He also alleges that both the Clerk and Judge Timothy Krieger admitted that there was never a judicial order entered directing the change from "not guilty" to "guilty." Am. Compl. at 3-4, ¶¶ 11-13. Judge Krieger allegedly "insisted" that the initial 'not guilty' indication was a clerical error. Am. Compl. at 4, ¶ 14.

With regard to his false arrest and false imprisonment claims, Mr. Klingensmith alleges that he was arrested on a failure to appear warrant. Am. Compl. at 3, ¶ 5. He implicitly admits that he did fail to appear by stating that the warrant was issued, despite the fact that "his counsel was present" at the hearing. Am. Compl. at 3, ¶ 5. Mr. Klingensmith asserts that, because his "counsel was present at the underlying hearing," the arrest warrant was "void". Am. Compl. at 5. Finally, he asserts that his resulting detention was "based solely on falsified docket entries." Am. Compl. at 5. Mr. Klingensmith also alleges that he requested to see the arrest warrant, but it was

---

[4] Mr. Klingensmith asserts that his defense counsel produced an October 17, 2024 docket sheet that still showed "not guilty," however, such docket sheet is not attached to the Amended Complaint and the official Westmoreland County docket sheet continues to show a guilty verdict. To the extent he is alleging that the Clerk of Courts falsely testified about the "timing and nature of the alteration," such evidence would depend upon credibility determinations made after testimony is presented in court. Moreover, the October 17, 2024 docket sheet would not be necessary in this case, as Mr. Klingensmith maintains that he was rendered "not guilty" as a result of the September 10, 2024 reported clerical error. Thus, regardless of any later changes to the docket, which he alleges did occur, he still maintains that the initial clerical error notation of "not guilty" notation should control the outcome.

never shown to him. Am. Compl. at 3, ¶ 6, and at 5 (he does not allege the name and/or title of the person he asked to show him the warrant, nor does he allege when he posed the question, or where).

## II.     Standard of Review

The Federal Rules of Civil Procedure provide that "[p]leadings must be construed so as to do justice." Fed. R. Civ. Proc. 8(e). When reviewing pro se pleadings, the Court is to apply a "pronounced" liberal standard. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). A pro se plaintiff's allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett*, 938 F.3d at 92. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id.*

A plaintiff's claims "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff's allegations must be accepted as true and construed in the light most favorable to plaintiff when determining if the complaint should be dismissed. *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017), as amended (Aug. 22, 2017). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009). A plaintiff's legal conclusions are not entitled to deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, (1986). As can be seen from the summary of Mr. Klingensmith's allegations, he asserts several legal conclusions that the court need not accept as true. Relevant to the present action, Mr. Klingensmith's allegation that a docket sheet indication of "not guilty" appearing on September 10, 2004, which was later corrected to indicate "guilty," establishes that he was acquitted (or that he is in fact not guilty), is a legal conclusion that the Court need not credit.

### III.  Discussion

Mr. Klingensmith brings the present action because his pending state court criminal docket sheet at one time stated, "not guilty," but was later changed to "guilty." He alleges that the docket change, caused him to be unlawfully detained and that the relevant Defendants should have known that his docket sheet indicated "not guilty" before it was changed to "guilty." As discussed below, Mr. Klingensmith cannot rely upon his state court criminal docket sheet as his premise for this action, because the docket sheet is not an official record of court activity. Moreover, a Court Order entered in Mr. Klingensmith's state criminal case shows that he was found guilty of the charges on September 9, 2025. Order of Court, Sept. 9, 2024, CP-65-CR-0004313-2021, Westmoreland County Court of Common Pleas, attached as Appx. A.[5] In addition, each of the claims he brings is individually subject to dismissal.

---

[5] Mr. Klingensmith's date of birth and home address have been redacted from the order of Court.

### A. The Docket Sheet Does Not Determine Guilt or Innocence

Mr. Klingensmith does not allege that he is actually innocent, or that a judge or jury actually rendered a not guilty verdict in his favor. He only alleges that the initial docket sheet notation of "not guilty," later changed to "guilty," controls whether he is guilty or not guilty. He does not allege that any other docket entry or any court order was subject to an error or inaccuracy. The lack of any allegation of error anywhere else on the docket sheet suggests that Mr. Klingensmith has no issues with the remainder of the docket sheet. Consideration of the allegations in the Amended Complaint, and of the criminal court docket sheet, show the following relevant information:

- On September 5, 2024, a nonjury trial was scheduled.[6]
- On September 10, 2024, Mr. Klingensmith waived a trial by jury.[7]
- On September 10, 2024, Mr. Klingensmith entered a non-negotiated plea of guilty to four charges filed against him.[8]
- On September 10, 2024, the Clerk of Court made a docket entry indicating a verdict of "not guilty" in error, which was later corrected to a verdict of "guilty."[9]
- Sentencing was initially scheduled for November 18, 2024, and sentencing has been continued several times.[10] Currently no sentencing date appears on the docket.[11]
- On October 31, 2025, a Bench Warrant Hearing was held.[12] Judge Krieger granted the Commonwealth's Motion to Revoke/Release and Forfeit Bail.[13] A bench warrant for Mr. Klingensmith's arrest was issued.[14]
- A motions hearing is presently scheduled for December 19, 2025.[15]

From the above information, the Court is able to conclude that Mr. Klingensmith has failed to properly allege that he is being unlawfully detained, or that he has suffered any

---

[6] Docket CP-65-CR-0004313-2021 at 2.
[7] Docket CP-65-CR-0004313-2021 at 9.
[8] Docket CP-65-CR-0004313-2021 at 4, 9.
[9] Am. Compl. 2-3.
[10] Docket CP-65-CR-0004313-2021 at 2.
[11] Docket CP-65-CR-0004313-2021 at 2.
[12] Docket CP-65-CR-0004313-2021 at 2.
[13] Docket CP-65-CR-0004313-2021 at 15.
[14] Docket CP-65-CR-0004313-2021 at XX.
[15] Docket CP-65-CR-0004313-2021 at 2.

constitutional violation. Mr. Klingensmith's sole reliance on an alleged error in the docket sheet cannot support his claims, because a Pennsylvania state court criminal docket sheet is a record of case activity, it is not the case activity itself. The underlying case records of a state court criminal prosecution are the record of what actually happened in the criminal case and/or in court. Actual criminal court documents include, but are not limited to, indictments, motions, briefs, opinions, orders, and court transcripts.

The Third Circuit Court of Appeals has also concluded that a state court criminal docket sheet is not a record of actual court proceedings. *United States v. Payo*, 135 F.4th 99, 111–12 (3d Cir. 2025). In *Payo*, the Third Circuit was asked to determine if the government, for purposes of enhancing the defendant's sentence, could rely upon a Pennsylvania state court criminal docket sheet as evidence to establish the types of convictions the defendant had previously committed. *Id.* at 111–12. The state court criminal docket sheet considered by the Third Circuit was similar to the docket sheet in this case, in that it, "was prepared *not by the convicting court* but by some other entity and then made available through the Unified Judicial System of Pennsylvania Web Portal." *Id.* at 111 (emphasis added). The *Payo* Court also noted that, "[e]ach page of the docket sheet [] prominently declares that '[n]either the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.'" *Id.* at 111-12. The Third Circuit "read the warning to mean what it says: the docket sheet may be inaccurate. Because the docket sheet does not 'approach[ ] the certainty of the record of conviction.'" *Id.* at 112 (citation omitted). Implicit in the Third Circuit's analysis of a state court criminal docket sheet is that a defendant's "record of conviction" consists of what actually occurred in the case,

7

as shown through actual court documents. The docket sheet may or may not reflect an accurate history of court events.

The same conclusion applies here. Mr. Klingensmith's state court criminal docket sheet contains the exact same disclaimer, such that, each page of Mr. Klingensmith's docket sheet prominently declares that "[n]either the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports." Therefore, Mr. Klingensmith's docket sheet may reflect inaccuracies, because a state court criminal docket sheet, "does not 'approach[ ] the certainty of the record of conviction [or acquittal]." *Id.* Mr. Klingensmith has not alleged that an existing, authorized court document demonstrates that he received a judicially valid "not guilty" verdict on his charges. *Id.* at 112. He bases his claims solely upon a single docket sheet inaccuracy, occurring over a year ago. He ignores the rest of the docket sheet entries indicating that he was adjudicated guilty and that he was set for sentencing. More significantly, however, is the actual Westmoreland County Court of Common Pleas Order showing that, on September 9, 2024, Judge Krieger found Mr. Klingensmith guilty of four counts at Criminal Docket No. CP-65-CR-0004313-2021. Appx. A. The Court Order finding Mr. Klingensmith guilty on September 9, 2024, was filed on the docket on September 10, 2024. Therefore, Mr. Klingensmith's primary allegation, that his docket sheet entry of "not guilty" is equivalent to an acquittal or means that he is actually not guilty, is disproven by the actual Order finding him guilty.

There is no issue of fact as to Mr. Klingensmith's guilt, and thus, none of his § 1983 constitutional claims are viable, as each of them depends upon the assumption that Mr. Klingensmith is "not guilty." This leads to the inevitable conclusion that Mr. Klingensmith, knowing that he was found guilty by Judge Krieger on September 9, 2024, deliberately asserted false and frivolous allegations in his Amended Complaint and in his Motion for Temporary Restraining Order.[16]

Accordingly, the Court will not credit the following "bald assertions,"[17] that are demonstrably false, alleged in the Amended Complaint's "PARTIES" and "FACTUAL BACKGROUND" sections:

- that Mr. Klingensmith is unlawfully detained "despite NOT GUILTY verdicts;"
- that he was prosecuted "after acquittal;"
- that Defendant Laugher "alter[ed] or permit[ed] alteration of docket entries;"
- that the docket sheet reflected "acquittals [that] terminated jurisdiction under DOUBLE Jeopardy clause;"
- that "[n]o motion, hearing, or judicial order ever vacated those acquittals;" and
- that the docket was "altered to reflect GUILTY without lawful authority."

---

[16] Mr. Klingensmith's conduct is likely a violation of Federal Rule of Civil Procedure 11. Rule 11(b)(3) states:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Mr. Klingensmith's factual contentions, implying that he is not guilty and/or has been acquitted, lack evidentiary support. It is also clear that further investigation or discovery will not provide evidentiary support, and that is because evidence in the public record conclusively establishes the falsity of Mr. Klingensmith's primary allegation that he has been acquitted or has been found not guilty.

[17] *Morse*, 132 F.3d at 906 n. 8.

The Court will also not credit the following bald assertions alleged in the Amended Complaint's "CAUSE OF ACTION" section:

- that Defendants deprived Mr. Klingensmith of liberty through "falsified docket entries;"
- the implication in his Double Jeopardy claim that he was acquitted;
- his reference to "falsified paperwork" in his Eighth Amendment claim; and
- his assertion in support of his false imprisonment claim that his detention "was based solely on falsified docket entries."

Without Mr. Klingensmith's false allegations, he has failed to state a claim upon which relief can be granted as to his claims in Count 1, II, III, VI and VII (as to his false imprisonment claim). Leave to amend is futile, as to Counts 1, II, III, and VI, as Mr. Klingensmith cannot allege any facts that would contradict the established fact that he was found guilty by Court Order to the charges against him Counts 1, 2, 3 and 6, and therefore the docket entry indicating that he is guilty is not a false docket entry.

### B. Injunctive Relief is Not Warranted

Separate and apart from his allegation implying that he is not guilty, his request for injunctive relief is not warranted. Mr. Klingensmith seeks injunctive relief in both his Amended Complaint and in his Motion for Temporary Restraining Order. Such injunctive relief is aimed at his pending state court criminal proceeding and the individual Defendants. "Under most circumstances, a federal court has no power to enjoin state court proceedings." *Matter of Davis*, 691 F.2d 176, 177 (3d Cir. 1982). The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The United States Supreme Court has "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal

prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989)(*NOPSI*) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The holding was based upon "traditional principles of equity" as well as "the even more vital consideration" of comity. *NOPSI*, 491 U.S. at 364. "As the Supreme Court has noted, '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Atl. Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 297 (1970). Therefore, while Mr. Klingensmith's state court proceedings are pending, this Court will not grant injunctive relief aimed at the state court or the state court Defendants. Accordingly, because the state court criminal proceeding is pending, the Moton for a Temporary Restraining Order is denied, and the injunctive relief sought in the Amended Complaint is dismissed.

### C. Commonwealth of Pennsylvania

Plaintiff cannot state a valid 42 U.S.C. § 1983 claim against the Commonwealth of Pennsylvania. Section 1983 "provides a cause of action against state actors who violate an individual's rights under federal law." *Filarsky v. Delia*, 566 U.S. 377, 380 (2012). To state a § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a *person* acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). For the purposes of § 1983, the Commonwealth of Pennsylvania is not a "person." Therefore, a § 1983 claim cannot be maintained against the Commonwealth. *Wivell v. Pennsylvania State Police*, 2007 WL 3033962, at *2 (M.D. Pa. Oct. 16, 2007). Accordingly, the Amended Complaint will be dismissed, as asserted against the Commonwealth of Pennsylvania.

In addition, Mr. Klingensmith does not mention the Commonwealth anywhere in the Amended Complaint, except for the caption. Thus, the Amended Complaint will be dismissed against the Commonwealth for the additional reason there are no factual allegations or claims asserted against it, upon which a claim for relief can be stated. Leave to amend is not granted as it would be futile, because Mr. Klingensmith cannot amend his claims to state a valid cause of action against the Commonwealth of Pennsylvania.

### D. Court of Common Pleas Judge Timothy Krieger

Mr. Klingensmith is also unable to state a valid claim against Defendant Timothy Krieger. Plaintiff alleges that Judge Krieger is presiding over his criminal case, including when the docket sheet indicated a "not guilty" disposition. Mr. Klingensmith alleges that Judge Krieger was present at the hearing where the Clerk of Courts testified that the "not guilty" indication on the docket sheet was a clerical error. Judge Krieger also was present when the Clerk testified that a correction was made within a day or two. During that same hearing, Judge Krieger is alleged to have stated that the initial "not guilty" indication was a clerical error and that there was never a judicial order entered directing the change on the docket entry from "not guilty" to "guilty."[18] Plaintiff seeks only injunctive and declaratory relief against the Judge.

Judge Krieger is protected from suit by judicial immunity for any acts or omissions taken in his judicial capacity, so long as he does not act in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (absolute judicial immunity attaches even if the act were done in furtherance of a conspiracy).

---

[18] In line with the Third Circuit Court's decision in *Payo*, there would be no reason for Judge Krieger (or anyone else) to issue a judicial order regarding an identified and easily correctable docket entry. The docket entry is not evidence of the actual Court's Order finding Mr. Klingensmith guilty.

12

Any claim to be asserted against Judge Krieger, under the present allegations, would relate to his role as a Court of Common Pleas Judge in connection with the criminal charges against Mr. Klingensmith. Mr. Klingensmith has not set forth any facts suggesting that Judge Krieger acted in the absence of jurisdiction. Accordingly, Judge Krieger is entitled to absolute immunity from Plaintiff's claims, as currently asserted. Leave to amend will not be granted as Mr. Klingensmith has clearly alleged that Judge Krieger's conduct, in relation to the docket entry, was performed in his judicial capacity and he cannot allege that he suffered any harm from the docket sheet clerical error, because he was never adjudicated not guilty.

### E. ADA Michael Pacek

Mr. Klingensmith alleges that ADA Pacek prosecuted him "after acquittal," Am. Compl. at 2, ¶ 3. There are no additional allegations asserted against ADA Pacek. Viewing the allegations in a light most favorable to Mr. Klingensmith, he appears to allege that ADA Pacek knew that Mr. Klingensmith was actually adjudicated "not guilty" or that he was "acquitted," and then still proceeded to prosecute him anyway. With that understanding, it is possible that Mr. Klingensmith is asserting a section 1983 claim against ADA Pacek for violating his constitutional rights by criminally prosecuting a defendant who has been acquitted. Such a claim, however, depends upon a sufficient, good-faith allegation that Mr. Klingensmith was formally adjudicated to be "not guilty." Mr. Klingensmith cannot, in good faith, allege that he was adjudicated not guilty. That is because Judge Krieger found Mr. Klingensmith guilty on September 9, 2024, as evidenced by the Court Order. As detailed above, Mr. Klingensmith cannot legitimately assert the necessary sufficient allegation that he was in fact court-adjudicated to be "not guilty." As such, the claims asserted against ADA Pace will be dismissed, without leave to amend.

13

### D.     Counts I, II, and III

Mr. Klingensmith has failed to state a Due Process violation claim (Count I), a Double Jeopardy violation claim (Count II), or an Eighth Amendment violation claim (Count III). With respect to his due process claim, Mr. Klingensmith alleges that he is being deprived of his liberty without due process "through falsified docket entries." For his Double Jeopardy claim, he states the general legal conclusion that an "acquittal cannot be reversed or rewritten." In his Eighth Amendment claim, he alleges he has suffered, and continues to suffer, cruel and unusual punishment by being detained based upon "falsified paperwork."

To be viable, each of these claims depends upon Mr. Klingensmith asserting that he was actually adjudicated "not guilty," which he cannot do based upon the Court Order showing that he is guilty. For that reason alone, he is unable to state any § 1983 constitutional claim upon which relief can be granted. Accordingly, Plaintiff's Due Process violation claim (Count I), his Double Jeopardy violation claim (Count II), and his Eighth Amendment violation claim (Count III), will be dismissed, without leave to amend.

### E.  Counts IV and V

Count IV and Count V are not causes of action. Count IV is an allegation that the individual defendants acted under color of state law pursuant to 42 U.S.C. § 1983. Such an allegation is an element of a § 1983 claim, not a cause of action; thus, Count IV will be dismissed. Count V is a claim for attorney's fees. Mr. Klingensmith, as a self-represented, non-lawyer litigant, may not recover attorney's fees. *Harmer v. Wetzel*, No. 2:22-CV-01852, 2024 WL 5086294, at *1 (W.D. Pa. Dec. 12, 2024) ("a non-lawyer, proceeding pro se on behalf of himself, is not entitled to attorney's fees") (citing *Pitts v. Vaughn*, 679 F.2d 311, 312 (3d Cir. 1982)). Accordingly, Count V will also be dismissed.

### F. *Monell* Claim against Westmoreland County

In Count VI, Mr. Klingensmith alleges that Westmoreland County "failed to train/supervise and maintained customs enabling record tampering and unlawful detention." Am. Compl. 4-5. "A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 690-91. Where, as here, the alleged custom "'concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact.'" *Thomas*, 749 F.3d at 222 (citation omitted). The deliberate indifference standard is "stringent" and requires that the "municipal actor disregarded a known or obvious consequence of his action." *Id.* at 223 (quotations and citations omitted). In addition, "'the deficiency in training [must have] actually caused' the constitutional violation." *Id.* at 222 (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989). "Ordinarily, '[a] pattern of similar constitutional violations by untrained employees' is necessary 'to demonstrate deliberate indifference for purposes of failure to train.' 'Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" *Thomas*, 749 F.3d. at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

The *Monell* claim must be dismissed. Mr. Klingensmith alleges that Westmoreland County has a custom of permitting record tampering and a custom of permitting unlawful detention. He further alleges that Westmoreland County has failed to train and/or supervise employees with respect to record tampering and unlawful detention, and he alleges that said

15

custom(s) led to his unlawful detention. He has pointed to a single instance where a record was "tampered" with; namely, the "not guilty/guilty" error that appeared on his docket sheet, which he alleges resulted in him being unlawfully detained. However, that allegation is not true and cannot support his *Monell* claim. The docket entry indicates that he is guilty, and the Court Order proves that he is guilty. Thus, there has been no record tampering (since the entry he highlights has been shown to be accurate) and there has been no resulting unlawful detention, since he is guilty. Because Mr. Klingensmith is proven to be guilty by a Court Order, he cannot sufficiently allege that he is being detained in violation of his constitutional rights. Therefore, he has not suffered an injury.

Separately, Mr. Klingensmith has not alleged a pattern of similar constitutional violations by Westmoreland County employees, nor has he alleged that Westmoreland County had notice that its course of training and/or supervision of employees is deficient and causes constitutional violations. Finally, a single error, quickly corrected, cannot meet the stringent deliberate indifference standard required for a *Monell* claim. Moreover, consistent with the Third Circuit's decision in *Payo*, Pennsylvania state court criminal docket sheets contain obvious disclaimers indicating that a docket sheet "may be inaccurate." Thus, Westmoreland County has already warned readers of the docket sheet that there may be errors. *Payo*, 135 F.4th at 112. For all these reasons, the *Monell* claim will be dismissed. Leave to amend will not be granted as it would be futile to attempt to assert a viable *Monell* claim against the County.

### G. False Arrest and False Imprisonment

Finally, in Count VII, Mr. Klingensmith asserts state law claims of false arrest and false imprisonment. By statute, "in any civil action of which the district courts have original

jurisdiction," a district court "shall have supplemental jurisdiction over all other claims [such as state law claims] that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Mr. Klingensmith's state law claims are based upon the same basic factual allegations as his § 1983 constitutional claims.

A district court "may decline to exercise supplemental jurisdiction over a [state law] claim under . . . if-- . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The district court's decision to decline supplemental jurisdiction is discretionary. *Barraclough v. Animal Friends, Inc.*, No. 23-3157, 2024 WL 4867068, at *3 (3d Cir. Nov. 22, 2024) (citing *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009)). The court's decision whether to decline supplemental jurisdiction "should be based on considerations of judicial economy, convenience and fairness to the litigants." *Kach*, 589 F.3d at 650 (citations and quotations omitted). Finally, "[i]f a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice." *Id.*

The Court declines to exercise supplemental jurisdiction over Mr. Klingensmith's state law claims. This case in its initial stage, and the Court finds that it is in the interests of judicial economy, convenience, and fairness to the parties to decline jurisdiction over Mr. Klingensmith's state-law claims. Accordingly, the state law claims will be dismissed without prejudice.

**IV.     Conclusion**

Mr. Klingensmith's criminal court record in the underlying state court case shows beyond a doubt that he was found guilty of four criminal charges. Appx. A. Because he cannot, in good

17

faith, allege that he is in fact "not guilty," his Amended Complaint will be dismissed. As explained in the Opinion, the Court declines to enter injunctive relief with respect to Mr. Klingensmith's pending state court criminal proceeding. Therefore, Mr. Klingensmith's Motion for a Temporary Restraining Order will be denied. Each of Mr. Klingensmith's constitutional claims will be dismissed without leave to amend. Counts IV and V will be dismissed because neither Count is a proper cause of action. The Court will decline to exercise supplemental jurisdiction over the state law claims asserted in Count VII. Said claims will be dismissed without prejudice.

**ORDER**

AND NOW, this 16th day of December 2025, it is hereby ORDERED as follows:

Plaintiff's Motion to Reopen Case, ECF No. 6, is GRANTED. The Clerk is directed to reopen this case.

Plaintiff's Motion for Temporary Restraining Order, ECF No. 7, is DENIED. Plaintiff's Motion to Expedite Ruling on Plaintiff's Pending Motion for Temporary Restraining Order, ECF No. 9, is DENIED as moot.

IT IS FURTHER ORDERED that Counts I, II, III, and VI are dismissed for failure to state a claim upon which relief can be granted. Leave to amend said claims is not granted as it would be futile to permit amendment.

Counts IV and V, which do not allege any valid cause of action, are dismissed.

For the reasons stated in the Opinion, Judge Krieger, the Commonwealth of Pennsylvania, and Westmoreland County are dismissed as parties.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims of false arrest and false imprisonment. Said claims, asserted in Count VII, are dismissed without prejudice to Plaintiff's ability to raise said claims in state court.

IT IS HEREBY ORDERED that Plaintiff's Amended Complaint is DISMISSED. The Clerk of Court is directed to mark this case CLOSED.

_s/Marilyn J. Horan_
Marilyn J. Horan
United States District Court Judge

Aaron M Klingensmith
Westmoreland County Prison
Unit B
3000 S Grande Blvd
Greensburg, PA 15601

Carmella A Klingensmith
1684 Bethel Church Rd.
Latrobe, PA 15650